JOHN C. JARVIS v. C. L. DAVIS and J. E. GHERKIN.

*Construction of Deed—Descent—Condition.*

Where J conveyed a tract of land to his daughter M "and the lawful
   heirs of her body. * * * To have and to hold to her the said
   M, her natural life and her children; should she die not leaving
   any children, then to her husband D, his natural life. * * *
   *Provided,* that the said D keeps the fences and ditches in good
   repair," and M died leaving one child surviving, but which died
   without issue; *Held:*

1. That M took an estate for life and her child the remainder in fee,
   and upon the death of the latter the estate vested in D as the heir
   of the child.

2. That the condition in the proviso attached to the life estate of D, of
   which he would have been seized upon the death of his wife with-
   out issue; but as that contingency had not occurred, it was inop-
   erative, and D held the estate as the heir of the child, unaffected
   by the condition.

CIVIL ACTION, tried before *Avery, J.,* at February Term,
1887, of BEAUFORT Superior Court.

It appeared that the plaintiff John C. Jarvis and his wife
Nancy, executed their deed of conveyance (the wife joining
only for the purpose of barring and releasing her right of
dower and homestead) to their daughter Mary L. Davis,
wife of the defendant C. L. Davis, and the parts thereof ma-
terial to a proper understanding of the opinion of the Court
are as follows:

"This deed, made this 5th day of May, A. D. 1881, by
John C. Jarvis and Nancy Jarvis, his wife, of the first part,
to Mary L. Davis, wife of C. L. Davis, of the second part,
both parties of the County of Beaufort and State of North
Carolina: *Witnesseth,* That the said John C. Jarvis and
Nancy Jarvis, parties of the first part, for and in considera-
tion of the natural love and affection they have for their
daughter, Mary L. Davis, party of the second part, and in

further consideration of the sum of one dollar to them paid by said Mary L. Davis, party of the second part, the receipt of which is hereby acknowledged, have given, granted and conveyed, and by these presents do give, grant and convey unto the said Mary L. Davis, wife of C. L. Davis, party of the second part, and the lawful heirs of her body, a certain tract or parcel of land lying and being in the County of Beaufort and State aforesaid, on the west side of Pantego Creek, it being a part of the Malynes Patent, adjoining the land of the Whitley heirs: Beginning, &c.   *   *   *

" To have and to hold the aforesaid tract of land and all privileges and appurtenances thereto belonging, except firewood and timber, a sufficient quantity for the use and benefit of the parties of the first part and their assigns to the use of the balance of the homestead, and the privilege of draining down and through the lead ditch that passes through the above described lands, to her, the aforesaid Mary L. Davis, wife of C. L. Davis, party of the second part, her natural life and her children.   Should she die, not leaving any children, then to her husband, C. L. Davis, his natural life, if he be the longest liver of the two; *Provided*, that the said C. L. Davis keeps the fences and ditches in good repair and condition.

" And after the decease of the aforesaid parties of the second part, and there not being any living issue of the said Mary L. Davis, then in that case, the aforesaid described tract of land to go to the last will and testament of said John C. Jarvis, one of the parties of the first part."

The complaint, among other things, alleges in substance:

"That after the making of the deed Mary and Caleb took possession of the land; that Mary died, leaving a child surviving her who afterwards died without issue; that after her death Caleb continued and now is in the possession, claiming under the deed; that at and for a long time before the making of the deed there were and had been fences on and around

the land, which at the making of the deed were in good order, &c., and there were also and had been divers ditches on the land, which were necessary for the draining as well of those as of other lands, of which plaintiff at and after the making of the deed was and still is seized and possessed, and which adjoin the lands conveyed; the surplus water which falls upon these last mentioned lands at the making of the deed, and for a long time before, had been accustomed to flow through said ditches and ought rightfully so to do; that after the death of Mary and her child, the defendant Caleb wilfully, unreasonably and for a long time permitted the fences and ditches to get out of good repair and condition, and so to remain for a long time, and failed and neglected to clean out and repair them as was essential and necessary for the proper cultivation of the lands, and the ditches and fences were in the bad condition aforesaid at the commencement of this action; that the said Caleb had sold to defendant Gherkin a large part of the timber on the land, and Gherkin at and before the commencement of this action was in the actual possession of the land described in § 2 hereof, or of some part thereof, as tenant of Caleb, or in some way for and under him; that plaintiff repeatedly requested said Caleb to clean out the ditches and repair the fences and put the same in good order, but he constantly failed and neglected to do so; that in the year 1884, defendant Gherkin, by the license of defendant Caleb and under his direction, cut and carried from the land a large quantity of timber of great value, so that not enough was left thereon for the use of the plaintiff, as owner of the rest of the original tract as reserved by the deed; that by reason of the premises, the said Caleb and his assignee Gherkin, have forfeited all their several estates in said lands, and that the same have ceased and determined, and that plaintiff is entitled to the immediate possession thereof, and plaintiff has repeatedly demanded of

defendants that they give him possession, which they have refused and still refuse to do."

The defendants denied the material allegations of the complaint.

A number of witnesses were sworn and examined on the trial on the part of the plaintiff, and gave evidence tending to support the allegations of the complaint. The plaintiff having closed his testimony, the Judge announced that if the jury should find all the issues for the plaintiff he could not recover.

Thereupon the plaintiff, in submission to the opinion of the Court, suffered a judgment of nonsuit and appealed.

*Messrs. Wm. B. Rodman, Jr.*, and *Geo. H. Brown, Jr.*, for the plaintiff.

*Mr. J. H. Small*, for the defendants.

MERRIMON, J., (after stating the case). We are of opinion that in no proper view of the complaint and the deed to be interpreted, taken in connection therewith, is the plaintiff entitled to recover, and therefore his assignment of error is groundless.

It appears from the premises and the *habendum* clause of the deed, that the chief and leading purpose of the maker of it was to make a provision for his married daughter therein named, and such child or children as she might at her death leave surviving her. The words " and the lawful heirs of her body," appearing in the premises, under the statute, (*The Code*, § 1329,) are to be taken as implying her *children*, nothing to the contrary appearing, and nothing does so appear. The *habendum* clause expressly provides that she shall take an estate for her own life, and in legal effect, with remainder in fee to her children surviving her. Although it is not in terms provided that the children shall have the remainder in fee simple, the statute (*The Code*, § 1280,) enacted before the deed was executed, provides that " when real estate shall

be conveyed to any person, the same shall be held and con-strued to be a conveyance in fee, whether the word 'heirs' shall be used or not, unless such conveyance shall in plain and express words show, or it shall be plainly intended by the conveyance or some part thereof, that the grantor meant to convey an estate of less dignity."

There is no provision in the deed that in terms or effect fairly indicates a purpose to convey to the surviving children a less or other estate than the remainder in fee.   Indeed, no provision is made to apply beyond surviving children. Hence, the daughter having died leaving a child surviving her, the deed operated to convey that estate to the surviving child, thus serving the chief purpose of its maker.

The deed, however, further provides, that the husband named in it shall have an estate in the land for his own life, if he should survive his wife and the latter should die leaving no children surviving her, "provided that the said C. L. Davis (the husband) keeps the fences and ditches in good repair and condition."

This condition, if it be such, is not expressed with clear-ness and precision, but treating it as sufficient in substance as a condition that might be effectual, it applied only to the life estate provided for the husband, and not to the estate of the wife and children.   It looked to the return of the land to the grantor in good condition as to the fences and ditches.   He did not contemplate or expect its return, if his daughter should die leaving children surviving her.

The condition does not refer in terms or by necessary im-plication to the estate of the wife and children by an unusual condition, not dependent on their acts, but the acts of one whom they might not be able to control.   It appears in the separate and distinct clause of the deed which provides a life estate in the land for the husband, and clearly applies to it. Moreover, it is a condition subsequent and intended to defeat the estate.   Such conditions are not favored by the law, and

are construed strictly. It should appear clearly that they apply to the estate intended to be affected and defeated by them. They cannot be extended unless by the strongest implication or necessary inference.

The contingency upon the happening of which the husband would have taken a life estate for his life in the land under the deed never happened, and can never happen, because the wife died leaving a child surviving her. This child, as we have seen, took the estate in remainder in fee simple, unaffected by the condition mentioned.

Nor did the contingency happen in which it was provided that the tract of land should " go to the last will and testament of said John C. Jarvis," (the father and grantor,) or revert to him, because the husband and wife did not both die, the latter leaving no surviving issue. She died leaving a child surviving her, who took the absolute estate in remainder as indicated.

It appears that the child afterwards died leaving "no issue capable of inheriting, nor brother, nor sister, nor issue of such," but leaving its father surviving it. The inheritance vested in the latter under the Statute of Descents (*The Code*, § 1281, Rule 6). And for the reasons already stated, he thus took the inheritance unaffected by the condition mentioned. By virtue of the statute, he took under his deceased child, and he did not take under the deed. As the estate of the child was not affected by the condition in its lifetime, so it was not after it came to the father, under the statute.

Affirmed.